UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE MEILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>LADEENE BEDFORD FREDERICK, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00297-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Brandie Meiller's Complaint (Dkt. 1) and Application for Leave to Proceed in Forma Pauperis (Dkt. 2).[1] Pursuant to 28 U.S.C. § 1915, this Court must review Meiller's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Meiller's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court DENIES Meiller's Application to

---

[1] Also pending before the Court are a variety of other motions and requests filed by Meiller. *See* Dkts. 5, 7, 8, 9, 10, 11). Because the Court denies Meiller's Application and dismisses the Complaint, all other pending motions are hereby dismissed as moot.

MEMORANDUM DECISION AND ORDER – 1

proceed in forma pauperis, DISMISSES this case, and grants Meiller an opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has examined Meiller's application to proceed in forma pauperis and finds that it does not establish her indigence because the information is inadequate. In her application, Meiller reports that her gross monthly income is $675 and that her take-home pay or wages is somewhere between "$4-600 a month." Dkt. 2, at 1. Meiller recently filed a supplemental document indicating she receives $669.84 in Supplemental Security Income. Dkt. 14. It is unclear whether Meiller included this amount in her prior estimate or if it is in addition to the aforementioned amounts. Meiller's expense sheet is lacking in specifics. She alleges that she pays $1000 a month in rent, and that she is spending an undisclosed amount of money in travel every month but does not list any other expenses

MEMORANDUM DECISION AND ORDER – 2

that the Court would expect a person to have every month, such as food, utilities, and medical bills. *Id.* at 2. In short, Meiller has not sufficiently proven her indigence under 28 U.S.C. § 1915 and may not proceed without the prepayment of the requisite filing fees; however, the Court will allow Meiller to refile an application to proceed in forma pauperis. If Meiller chooses to refile, she needs to demonstrate her indigence with a greater level of particularity.

As will be explained in the next section, however, the Court must dismiss this case due to Meiller's failure at the present time to allege valid causes of action. The Court will, nonetheless, grant Meiller an opportunity to amend her Complaint. The Court next turns to its initial review of Meiller's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a Plaintiffs' Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each

claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, Meiller levies various allegations against 48 defendants without any specificity as to how those defendants were involved. It is difficult to describe the nature of these claims, but in essence, Meiller claims that she was taken against her will, "tortured with needles, mocked like a dog, told I was never a victim, told that my rapist wasn't my rapist, my children terrorized by state and federal agencies for a year or more.". Dkt. 1, at 13 (punctuation added). Meiller requests $200 million per day per defendant as damages for her claims. While Meiller does not specify the date that her claim began, simple math indicates that she is asking for the astronomical sum of $9.6 billion a day.

As a threshold matter, the Court notes that Meiller's identification of many of the defendants is insufficient. Identifying a defendant as "Matt" is too imprecise for the Court to recognize who Meiller is suing, while naming "Joshua Wickard" and "Elaine Lee" without providing addresses renders those names similarly useless.

Relatedly, all of Meiller's claims lack specificity and any indication of what legal theory she is relying on against any specific defendant. It is, frankly, difficult to parse out what exactly is at issue in this case. The Court cannot allow a lawsuit to proceed until Meiller can allege actual, specific facts against named individuals or entities and identify what law or statue was violated and why she is entitled to relief.

At present, none of the allegations in Meiller's Complaint rise to the level of legal claims with available remedies. In short, Meiller has not alleged coherent facts to support

any *legal* claim for relief and must amend her Complaint before proceeding.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Meiller may be able to state a claim upon which relief can be granted, the Court will allow her an opportunity to amend her Complaint to remedy the following deficiencies.

First, Meiller must state specific plausible legal claims against identifiable individuals or organizations. Second, Meiller must detail the entire factual background giving rise to any individual claim in a form that the Court can understand. Allegations unsupported by fact will not be accepted. Meiller must outline objective, relevant, known facts. She must not give her personal opinions or attach giant exhibits and expect the Court to dig through them to find a claim. Finally, due to the lack of details in Meiller's Complaint, the Court is also unsure whether it has jurisdiction over these disputes in the first place. Federal courts are courts of limited jurisdiction. Meiller must explain how this court has jurisdiction to hear these specific claims.

## IV. CONCLUSION

The Court finds that Meiller has not adequately demonstrated her indigency and dismisses her application. Additionally, upon review, the Court finds that Meiller has not stated any plausible claims for relief and must amend her Complaint.

## V. ORDER

1. Meiller's Application for Leave to Proceed In Forma Pauperis (Dkt. 2) is DENIED.

2. Meiller's Complaint (Dkt. 1) is deficient as it fails to state any claims upon which relief can be granted. Her Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Meiller leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Meiller must file her Amended Complaint within sixty (60) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

4. Meiller's other Motions and Requests (Dkts. 5, 7–11) are DISMISSED as MOOT.

DATED: October 20, 2021

David C. Nye
Chief U.S. District Court Judge