UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE MEILLER,<br><br>            Plaintiff,<br><br>    v.<br><br>LADEENE BEDFORD FREDERICK, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00297-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Brandie Meiller's Motion for Extension of Time to Amend Complaint (Dkt. 16). The Court also has before it Meiller's Request for Reconsideration of the Court's denial of her Application to Proceed Informa Pauperis (Dkt. 17). For the reasons explained below, the Court GRANTS Meiller's Motion for Extension of Time to Amend Complaint. The Court will REFRAIN from ruling on the Request for Reconsideration until the Amended Complaint is filed.

## II. BACKGROUND

Meiller filed a complaint against various defendants on July 16, 2021. Dkt. 1. She also filed an application for leave to proceed in forma pauperis ("IFP"). Dkt. 2. The Court denied her IFP request because Meiller had not adequately demonstrated her indigency and had not stated any plausible claims for relief. Dkt. 15, at 5. Although it dismissed her

complaint, the Court granted Meiller leave to file an amended complaint by December 20, 2021. *Id*. at 6.

### III. DISCUSSION

**A. Motion for Extension of Time to Amend the Complaint**

In her Motion for Extension of Time to Amend the Complaint, Meiller requests a 90-day extension. Dkt. 16. Meiller stated that she "needs more time given her physical and mental disabilities" (Dkt. 16, at 1) and that "Plaintiff's mental disabilities prevent her from always being able to focus on a task and complete it properly" (Dkt. 17, at 1). Good cause appearing, the Court GRANTS Meiller's Motion for Extension of Time to Amend the Complaint. Meiller must file her Amended Complaint on **March 21, 2022**, which is approximately ninety days from the current deadline.

As a reminder, Meiller's Amended Complaint still must cure its earlier deficiencies in several ways. First, Meiller must state specific plausible legal claims against identifiable individuals or organizations. Second, Meiller must articulate factual background giving rise to any individual claim in a form that the Court can understand. Allegations unsupported by fact will not be accepted. Meiller must outline objective, relevant, known facts. She must not give her personal opinions or attach giant exhibits and expect the Court to dig through them to find a claim. Third, Meiller must be sure to put in reasonable requests for damages. Finally, due to the lack of details in Meiller's original Complaint, the Court is also unsure whether it has jurisdiction over this dispute in the first place. Federal courts are courts of limited jurisdiction. Meiller must explain how this Court has jurisdiction to hear her specific claims.

B. Request for Reconsideration for IFP

Pursuant to 28 U.S.C. § 1915, this Court must review Meiller's request to determine whether she is entitled to proceed IFP—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Meiller's Complaint to ensure it meets the minimum required standards. *See* 28 U.S.C. § 1915(e)(2). The requirement to review both a plaintiff's financial records and her complaint is done simultaneously. Here, Meiller has given an update regarding her financial situation to the Court. Dkt. 17. As discussed above, Meiller has not filed an amended complaint. Because the Court does not have both components necessary to review her IFP request, the Court will refrain from ruling on Meiller's Request for Reconsideration for IFP (Dkt. 17).

## IV. ORDER

1. Meiller's Motion for Extension of Time to Amend Complaint (Dkt. 16) is GRANTED. Meiller must file her Amended Complaint by **March 21, 2022**. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: December 3, 2021

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 3