UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE MEILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>LADEENE BEDFORD FREDERICK, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00297-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Brandie Meiller's Amended Complaint (Dkt. 19) and Motion for Reconsideration for IFP (Dkt. 17). Pursuant to 28 U.S.C. § 1915, this Court must review Meiller's request to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake a subsequent review of Meiller's Complaint to determine whether she has complied with the Court's prior order.

For the reasons explained below, the Court GRANTS Meiller's Motion for Reconsideration for in forma pauperis and waives the filing fee, DISMISSES Meiller's Amended Complaint, and grants Meiller a final opportunity to amend.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or

defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that she is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of her poverty, cannot "pay or give security for the costs" and still be able to provide for herself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court denied Meiller's previous request to proceed in forma pauperis because she had not pled indigency to a sufficient level of particularity. Dkt. 15, at 3. Meiller reapplied, filing a Motion for Reconsideration. Dkt. 17.  In her motion, Meiller reports that her rent is $1850 a month, her monthly power bill is $200–$400, and her food costs range between $200–$400 a month. Meiller wrote that she has no savings, no property, and a broken-down car. Meiller reports that her gross monthly income is $670, all from disability benefits. Miller said that she pays between $400–$500 for her portion of the bills each month and uses the other $200 to pay for food and child expenses. Because Meiller reports a low monthly income well below the poverty level and does not have any excess monthly funds, the Court finds that Meiller has established her indigence under 28 U.S.C. § 1915 and may proceed in forma pauperis. Accordingly, the Court will waive the filing fee in its entirety.

 As will be explained in the next section, however, the Court must again dismiss this

case due to Meiller's failure at the present time to allege valid causes of action.

## III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a plaintiffs' complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During these reviews, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The Court dismissed Meiller's original Complaint because it failed to allege adequate facts, did not indicate defendants with any degree of specificity, and lacked a legal cause of action. Dkt. 15, at 4. In Meiller's Amended Complaint, Meiller has listed only eight defendants, all with addresses, instead of the original forty-eight. Meiller has also provided her facts in a more comprehensible manner with greater specificity. Meiller's requested damages, while still high ($80 million) is much more reasonable than the original

request for $9.6 billion a day.

Despite these amendments, the Court must yet again dismiss the complaint because Meiller has not alleged why this Court holds jurisdiction over her claims and has, therefore, failed to state a claim upon which relief may be granted. Meiller alleged that the defendants violated 18 U.S.C. §§ 1001, 1341, and 1343. Meiller has not explained how her facts fit the necessary elements of those sections of the United States Code. Meiller has adequately alleged at least one *state* law claim (referencing Idaho Code § 18-5413). However, this Court is a court of limited jurisdiction and does not hear state law claims unless the Court has supplemental jurisdiction over them. Said differently, the Court must have jurisdiction over any *federal* claims before it can exercise jurisdiction over any *state* law claims.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, because Meiller may be able to state a claim upon which relief can be granted, the Court will allow her a second opportunity to amend her Complaint to remedy the following deficiencies. For her next Complaint to survive the review, Meiller must state specific plausible legal claims against identifiable individuals or organizations and explain how this Court has jurisdiction to hear these specific claims. Meiller must also explain how the facts meet each element of the causes of action that she has alleged. Meiller also needs to be clear whether her citations are to the Idaho Code or to the United States Code.

## IV. CONCLUSION

The Court finds that Meiller has adequately demonstrated her indigency and grants her Motion for Reconsideration (Dkt. 17). The filing fee is waived. Upon review, the Court

MEMORANDUM DECISION AND ORDER – 4

finds that Meiller has not stated any plausible claims for relief and must amend her Complaint.

### V. ORDER

1. Meiller's Motion for Reconsideration (Dkt. 17) is GRANTED. The filing fee is waived and Meiller may proceed in forma pauperis.

2. The Clerk of the Court shall dismiss all defendants from this case EXCEPT David P. Hamilton, LaDeene Bedford Frederick, Health and Welfare Behavioral and Mobile Crisis region 4, Child Protective Services Region 4, Cottonwood Creek Behavioral Hospital, Ada County Prosecutors Office, Judge Andrew Ellis, and C.A.S.A.

3. Meiller's Amended Complaint (Dkt. 19) is deficient as it fails to state any claims upon which relief can be granted. Her Complaint is again DISMISSED WITHOUT PREJUDICE. The Court GRANTS Meiller leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Meiller must file her Amended Complaint within sixty (60) days of the issuance of this Order.

4. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: February 22, 2022

David C. Nye
Chief U.S. District Court Judge