UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDIE MEILLER,<br><br>  Plaintiff,<br><br>v.<br><br>LADEENE BEDFORD FREDERICK, et al.,<br><br>  Defendants. | Case No. 1:21-cv-00297-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

  Plaintiff Brandie Meiller filed her initial Complaint on July 16, 2021. Dkt. 1. The Court reviewed this Complaint pursuant to 28 U.S.C. § 1915, determined that it failed to state a claim upon which relief could be granted, and gave Plaintiff an opportunity to amend. *See* Dkt. 15.

  Plaintiff filed a Motion for Extension of Time to Amend Complaint. Dkt. 16. On December 3, 2021, the Court granted Plaintiff's first Motion for Extension of Time to Amend Complaint. *See* Dkt. 18. The Plaintiff filed a First Amended Complaint on February 10, 2022. Dkt. 19. On February 22, 2022, the Court again determined that the Amended Complaint failed to state a claim up on which relief could be granted and allowed the Plaintiff to file a second amended complaint within 60 days of the order. Dkt. 20.

  Plaintiff did not file an amended complaint within the time allotted. Eleven days after Plaintiff missed her deadline, the Court dismissed the case with prejudice. Dkt. 21. Two days after the final order was filed, Plaintiff filed a Request for More Time to Amend. Dkt. 23.

MEMORANDUM DECISION AND ORDER - 1

In the Request, Plaintiff requested an additional 90 days to amend her complaint. However, she failed to present any additional evidence in the Request that would suggest her future amended complaint would allege a claim upon which relief could be granted. Plaintiff stated that she will include criminal statutes and parental alienation syndrome in her complaint. However, Plaintiff has a civil claim and cannot be granted relief based on a criminal statute. Furthermore, Plaintiff also has not indicated that she will provide sufficient details to explain the background and establish the Court's jurisdiction over the matter. The Court has previously warned Plaintiff that such details are necessary. Dkt. 1, at 5; Dkt. 20, at 4. Thus, another amended complaint likely will not supply a claim upon which relief could be granted.

Plaintiff did explain that she had mental and physical disabilities that presumably make it difficult for her to meet deadlines. However, the Court has already been generous with the time it has given to Plaintiff. Furthermore, Plaintiff has met deadlines in the past.[1] It is true that during this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. Plaintiffs also have the responsibility of meeting their deadlines.

---

[1] Plaintiff filed her first Motion for Extension of Time to Amend Complaint well before the deadline. Dkt. 16.

MEMORANDUM DECISION AND ORDER - 2

For the reasons above, the Court will DENY the Plaintiff's Request for More Time to Amend. The Court HEREBY ORDERS:

1. The Request for More Time to Amend (Dkt. 23) is DENIED.

DATED: May 18, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 3